WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Dakota Wade Tidwell,

    Plaintiff,

v.

Commissioner of Social Security Administration,

    Defendant.

No. CV-18-08083-PCT-DLR

**ORDER**

Plaintiff Dakota Tidwell seeks judicial review of the Social Security Administration's decision to deny his applications for child disability benefits ("CDB"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff was originally entitled to childhood SSI benefits based on an application filed on February 29, 2008. Plaintiff also filed an application for CDB on July 20, 2012, based on disability beginning February 29, 2008. However, when Plaintiff reached 18 years of age, the agency reassessed his case under the adult disability benefit criteria and determined that he was no longer disabled effective September 8, 2014. (A.R. 61-62.) Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"), which took place on October 28, 2016. (*Id.* at 39-60.) On February 8, 2017, the ALJ issued a decision finding that Plaintiff—despite suffering from severe impairments including bipolar disorder, pervasive developmental disorder, attention deficit hyperactive disorder, obsessive compulsive disorder, and degenerative disc disorder of the lumbar spine—could perform

1 | jobs that exist in significant numbers in the national economy. (*Id.* at 9-22.) Plaintiff argues that, in denying his application, the ALJ committed reversible error by giving little weight to the opinions of his treating psychiatrist, Dr. Sara Gibson, and by improperly rejecting Plaintiff's testimony regarding the severity of his symptoms.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court affirms.

1. The ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinions of Plaintiff's treating psychiatrist, Dr. Gibson. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Gibson opined that Plaintiff has marked to extreme limitations in responding appropriately to work pressures in a usual work setting, moderate to marked limitations in understanding and remembering detailed instructions, moderate to marked limitations in making judgments on simple work-related decisions, moderate to marked limitations in interacting appropriately with supervisors, coworkers and the public, and moderate to marked limitations in responding appropriately to changes in a routine work setting. (A.R. 590-91, 849-50.) In addition, she noted that Plaintiff suffers from "[v]ery poor concentration[, d]ramatic impulsivity [and p]oor ability to read social cues." (*Id.* at 591.) She also asserted that "when manic or psychotic[, Plaintiff] would be totally nonfunctional or able to work for several weeks." (*Id.*) The ALJ discounted these opinions, explaining that they were contrary to the record. (*Id.* at 19.) *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (An ALJ may discredit the opinion of a treating physician that is unsupported by the record as a whole). Particularly, the ALJ highlighted Plaintiff's self-reports of mere minor delays from repetitive behaviors and his score of 29/30 on the Mini Mental Status Exam ("MMSE") as contrary to findings of marked limitations in understanding, remembering,

concentrating and judgment-making. *See Bustamamante v. Colvin*, No. CV-13-02080-PHX-ESW, 2015 WL 136016, at *6 (D. Ariz. Jan. 9, 2015) (finding that an ALJ may properly conclude that a high MMSE score indicates a claimant's ability to maintain concentration); *Ahmed v. Berryhill*, No. CV-17-0573-TUC-BGM, 2019 WL 143465, at *12 (D. Ariz. Mar. 29, 2019) (acknowledging that an MMS is administered to assess "difficulties with memory, focus or concentration."); *Hunsaker v. Berryhill*, No. CV-16-08304-PCT-GMS, 2018 WL 1008292, at *2 (D. Ariz. Feb. 22, 2018) (same). Further, the ALJ concluded that Dr. Gibson's opinions were inconsistent with medical records indicating that Plaintiff's moods were good, his anxiety and obsessions were manageable, he was able to direct his anxiety and hyperactivity into more positive venues, and his depression, bipolar disorder, and anxiety were well controlled by medication. (A.R. 19.) The ALJ's specific and legitimate rationale for rejecting Dr. Gibson's opinions is supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Thus, the Court rejects Plaintiff's first argument.

2. The ALJ provided the requisite specific, clear, and convincing reasons for discounting Plaintiff's testimony concerning the severity of his symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Plaintiff testified that he is unable to work due to debilitating social anxiety and immense difficulty focusing. (A.R. 46.) In rejecting the purported severity of Plaintiff's social anxiety, the ALJ cited to records indicating that Plaintiff had reported that he had learned ways to keep his anxiety under control and that his anxiety had improved. (*Id.* at 16.) In addition, she noted that Plaintiff had joined an Ultimate Frisbee team, which he no longer participates in, not because of social anxiety, but because the team has not scheduled new events. (*Id.* at 17.) Further, she indicated that Plaintiff enjoys volunteering at his local church. (*Id.*). *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (citation omitted) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her…daily activities"). Next, in making an adverse credibility determination regarding Plaintiff's concentration-related testimony, the ALJ pointed to Plaintiff's MMSE

score of 29/30, noted that Plaintiff had briefly worked for his father and grandfather and as a bagger at a grocery store, and underscored that Plaintiff performs household chores, cares for his pets, and cooks simple meals. (A.R. 16-17.) In sum, the ALJ's credibility determination was adequately supported by substantial evidence in the record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

Because the ALJ's decision is free of harmful legal error and reasonably supported by the evidence,

**IT IS ORDERED** that the final decision of the Social Security Administration is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 24th day of September, 2019.

Douglas L. Rayes
United States District Judge